IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

PAMELA ELAINE JOHNSON, next of kin,)
surviving spouse and next friend Terry L. )
Johnson, Deceased, )
                                         )
         Plaintiff, )
vs. )   NO. CIV-04-0494-HE
                                         )
JO ANNE B. BARNHART, Commissioner, )
SOCIAL SECURITY ADMINISTRATION,)
                                         )
         Defendant. )

## ORDER

Plaintiff Pamela Elaine Johnson instituted this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying her now-deceased husband's application for disability insurance benefits. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Doyle W. Argo, who has issued his Report and Recommendation suggesting that the Commissioner's decision be reversed and the matter remanded for further administrative proceedings. The magistrate judge found that the administrative law judge failed to make any findings regarding the credibility of Mr. Johnson.

The parties, having failed to object to the Report and Recommendation, waived their right to appellate review of the factual and legal issues it addressed. United States v. One Parcel of Real Property, 73 F.3d 1057, 1059-60 (10th Cir. 1996), cert. denied, 519 U.S. 909 (1996). See 28 U.S.C. § 636(b)(1)(C); LCvR72.1(a). Accordingly, the court adopts

Magistrate Judge Argo's Report and Recommendation, **REVERSES** the final decision of the Commissioner and **REMANDS** the case for further proceedings consistent with the Report and Recommendation, a copy of which is attached to this order.[1]

**IT IS SO ORDERED.**

Dated this 21st day of April, 2005.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1] *The magistrate judge also noted deficiencies in the administrative law judge's assessment of Mr. Johnson's residual functional capacity that should be corrected if the case proceeds on remand to step four. See Report and Recommendation, pp. 10-11.*

2

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAMELA ELAINE JOHNSON, next of kin, surviving spouse and next friend of Terry L. Johnson, Deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART, Commissioner, Social Security Administration,<br><br>    Defendant. | Case No. CIV-04-494-HE |

### REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security Administration (Commissioner) denying her now-deceased husband's application for disability insurance benefits. United States District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. _____). Both parties have briefed their respective positions, and thus the matter is at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be reversed, and that the matter be remanded for further administrative proceedings consistent with this Report and Recommendation.

### I. PROCEDURAL HISTORY

Mr. Johnson filed his application for disability insurance benefits on January 22, 2001, alleging a disability since September 15, 1998. Tr. 61-63. The application was

denied on initial consideration and on reconsideration at the administrative level. Tr. 46, 47, 48-51, 54-56. Pursuant to Mr. Johnson's request, a hearing de novo was held before an administrative law judge on December 19, 2002. Tr. 57-58, 455-97. Mr. Johnson appeared with counsel, and offered testimony in support of his application. Tr. 457, 459-73, 475-85, 486-87. Mr. Johnson's wife also appeared and gave testimony. Tr. 457, 473-74. A vocational expert also testified at the request of the administrative law judge. Tr. 40, 485-96. The administrative law judge issued his decision on March 14, 2003, finding that Mr. Johnson was not disabled within the meaning of the Social Security Act and that he was thus not entitled to benefits. Tr. 27-29, 30-34. The Appeals Council denied Mr. Johnson's request for review on February 18, 2004, and thus the decision of the administrative law judge became the final decision of the Commissioner. Tr. 5-8.

## II. STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal. Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight. However, we may neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

2

Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted). The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. Id. at 751, & n. 2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy, given his age, education, and work experience. Id. at 751.

## III. ANALYSIS

In determining that Mr. Johnson was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520. He first found that Mr. Johnson had engaged in substantial gainful activity in both 1999 and 2000, and that the earliest available onset date was thus January 1, 2001. Tr. 30, 33. At steps two and three, the administrative law judge found that Mr. Johnson suffered from diabetes mellitus, hypertension, hypertensive cardiomyopathy resulting in a January 2001 episode of congestive heart failure, diabetic retinopathy requiring surgical corrections, a detached retina requiring surgical correction, and depression, but that these conditions were not severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Regulation No. 4. Tr. 32-34. At the fourth step of the sequential evaluation process, the administrative law judge found that for no period of twelve continuous months had Mr. Johnson been precluded from performing semi-skilled work at the light exertional level that did not require high levels of precision vision as

3

opposed to general functional vision, and that he could perform his past relevant work as a security guard. Tr. 32, 34. Alternatively, at step five, the administrative law judge found that a person with Mr. Johnson's residual functional capacity and vocational factors could perform work as a cafeteria worker, and that this job exists in significant numbers in the economy. Tr. 33, 34. The administrative law judge thus found that Mr. Johnson was not disabled and not entitled to benefits. Tr. 33-34.

## A. ISSUES ON APPEAL

On appeal to this Court, Plaintiff raises some thirty-six errors.[1] However, because only one error is determinative of this appeal, the undersigned will confine the discussion accordingly.

## B. DISCUSSION

Plaintiff contends that the administrative law judge failed to make any credibility finding regarding the testimony of Mr. Johnson regarding the pain and fatigue caused by his impairments, and his ability to perform work on a sustained basis. Plaintiff's Brief in Chief, Errors, ¶ 3, 9, 12, 13, 14, 32. The Commissioner responds that the administrative law judge "considered many factors that impugned Johnson's credibility. For example, the [administrative law judge] observed that Johnson's complaints were inconsistent with the medical evidence." Brief of Commissioner, p. 7. However, a review of the administrative law judge's decision reveals that Plaintiff is correct – no actual finding was

---

[1] In raising his claims of errors, Plaintiff's attorney has taken a "shotgun" approach, as he did before the Appeals Council, setting forth almost every conceivable error that could be made in any case, without showing how the particular error applied in the instant case.

4

ever made regarding the credibility of Mr. Johnson. The administrative law judge apparently did recognize the need for a credibility analysis, however:

> The undersigned has also evaluated the claimant's subjective complaints in compliance with the criteria established by Regulations 20 CFR 404.1529 and 416.929 which provide detailed instructions in evaluating symptoms, including pain. These Regulations incorporate related statements of policy and interpretations now set forth in the Social Security Rulings. Specifically, the undersigned has considered the intensity, persistence, and limiting effects of the alleged symptoms: as reflected by medical opinions; daily activities; the location, duration, frequency, and intensity of pain and or other symptoms; precipitating and aggravating factors; and type, dosage, effectiveness and side-effects of medication.

Tr. 31. The administrative law judge then went on the discuss, for the most part, the medical record:

> As shown above, the claimant suffers a history of diabetes and hypertension at time[s] poorly controlled and resulting in some hypertensive cardiomyopathy (Exs. 1F through 14F). There is no showing that he suffered any myocardial infarctions or frequent or prolonged episodes of chest pain or other crisis. Nor is there a showing that he suffered frequent or prolonged episodes of acute peripheral vascular disease or diabetic neuropathy. He did experience a January 2001 episode of congestive heart failure with mild to moderate reductions in left ventricular functioning, but this condition responded well to treatment. He has not experienced any further acute episode of congestive heart failure or deterioration of left ventricular functioning. Nor has he experienced any persistent kidney disease, liver disease, or any other significant end-organ disease. His respiratory/pulmonary functioning has remained within normal limits. Although he has suffered some diabetic retinopathy requiring prior laser treatments and a detached retina requiring the January 2001 surgical procedure, he has recovered from his eye surgeries without significant complications. He reports that he continues to drive locally. The undersigned finds that he retains overall vision abilities at functional levels.
>
> Prior to December 2002, the claimant had not sought or been referred for evaluation and treatment by mental health specialist (Exs. 1F through 14F). Nor did ongoing treatment notes contain complaints or observations of significant depression or other psychiatric disorders. As shown above, The December 2002 diagnosis of bipolar disorder was based mostly on an initial

interview without a psychiatric or psychological mental status examination or other objective diagnostic testing procedures. The available medical evidence does not show the claimant to suffer more than mild restrictions and limitations of his mental and/or emotional functioning.

Tr. 32. The administrative law judge then went on to find that "the claimant does not suffer an impairment or combinations of impairments of such severity as to meet or equal the requirements impairment [sic] listed in Listing 4.00 et seq., 9.00 et seq., or the requirements of any other impairment listing in Appendix 1 . . . ." Tr. 32. Thus, although the administrative law judge did list the factors that are to be considered when engaging in the credibility analysis, and then discussed some evidence that could arguably fall within some of those categories, he never *made any finding.* Social Security Ruling 96-7p, 1996 WL 374186 *2, states:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible. . . ." The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers *the weight the adjudicator gave to the individual's statements* and the reasons for that weight.

(internal quotations omitted) (emphasis added). Here, the administrative law judge made no explicit findings as to the credibility of Mr. Johnson's allegations of pain or fatigue, or as to any limitations caused by either those symptoms or his alleged mental impairment on his capacity for sustained work. "[F]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).

6

Mr. Johnson testified that the security job required a good deal of walking and that he was unable to do it as required. Tr. 460. He gets numbness in his feet which causes pain if he stands and walks. Tr. 464, 483. He testified that due to his heart condition, he has a difficult time breathing and that he gets light-headed, which makes him unable to hold a job. Tr. 461, 485. He tires easily which requires him to sit or lie down during the day. Tr. 467. His medications also make him feel dizzy and tired. Tr. 470. Mr. Johnson's wife verified his testimony. Tr. 474. The vocational expert testified that if Mr. Johnson's testimony was believed as to his walking limitations, it would preclude the work as a security guard. Tr. 490. Thus, Mr. Johnson's credibility was important as to whether he could perform his past relevant work as a security guard, or for that matter, any job.

The Tenth Circuit Court of Appeals recently strongly condemned the exultation of form over substance when it comes to credibility analysis:

> We have held that use of this same boilerplate paragraph is insufficient, in the absence of a more thorough analysis, to support an [administrative law judge]'s credibility determination as required by Kepler. ... While this boilerplate paragraph does list factors that are appropriate to consider in assessing a claimant's credibility, see Luna, 834 F.2d at 165-66, the [administrative law judge] failed to link or connect any of the factors he recited to any evidence in the record. He simply recited these factors, then concluded claimant's allegations were not credible. This is precisely the type of "conclusion in the guise of findings" rejected in Kepler and many cases since; it is not enough for the [administrative law judge] simply to list the relevant factors; he must also "explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible." 68 F.3d at 391. We repeat: the use of "[s]tandard boilerplate language will not suffice." Briggs ex rel. Briggs v. Massanari, 248 F.3d 1235, 1239 ( 10th Cir. 2001). Such boilerplate language fails to inform us in a meaningful, reviewable way of the specific evidence the [administrative law judge] considered in determining that claimant's complaints were not credible.

Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004) (emphasis added). Because the administrative law judge failed to link the relevant factors to any evidence in the record, or to indicate the weight he ultimately assigned to Mr. Johnson's statements, it is impossible for this Court to review the administrative law judge's credibility "analysis."

Moreover, even if the undersigned was to presume that the administrative law judge intended to wholly reject Mr. Johnson's statements, the analysis would be questionable because of the administrative law judge's apparent reliance on only the medical evidence and even then on only selected portions of the record. For example, although the administrative law judge stated that Mr. Johnson had no "frequent or prolonged episodes of acute . . . diabetic neuropathy," Dr. Moorad noted diabetic neuropathy beginning in August of 1999 through October of 2000. Tr. 141, 143, 145. Dr. Shetty noted that reflexes were difficult to elicit and that there was an absence of pinprick sensation in January of 2001. Tr. 157. The administrative law judge stated that although Mr. Johnson experienced an episode of congestive heart failure in January of 2001, "he has not experienced any further acute episode of congestive heart failure or deterioration of left ventricular functioning." Tr. 32. However, Mr. Johnson saw Dr. Shetty in June of 2001, complaining of shortness of breath to the point of not being able to "do any activities" and chest pain. Tr. 227. Dr. Shetty did an x-ray and found evidence of congestive heart failure, and started Mr. Johnson on Demadex. Tr. 226. The administrative law judge stated that Mr. Johnson's "respiratory/pulmonary functioning has remained with normal limits," Tr. 32, however, in July 2001, Dr. Shetty found him to have severe pulmonary hypertension and moderate to severe aortic insufficiency. Tr.

223. Although such is not noted by the administrative law judge, Mr. Johnson reported shortness of breath on several occasions, Tr. 158, 227, 386, 399, 410-12, as well as fatigue and/or dizziness, Tr. 145, 316, 386, 402. Although not mentioned by the administrative law judge in connection with his discussion of Mr. Johnson's emotional functioning, Mr. Johnson testified that he had trouble keeping jobs due to a problem managing his anger, Tr. 472, and his work history showed that he did have some twenty-eight jobs from 1988 to 2002. Tr. 66-72, 136-39. Although "'[c]redibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence,'" Kepler, 68 F.3d at 391, it "is improper for the [administrative law judge] to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004); see also Clifton v. Chater, 79 F.3d 1007, 1010 (10th Cir. 1996) (the administrative law judge must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects").

In summary, the undersigned agrees with Plaintiff that the administrative law judge erred in his credibility analysis regarding Mr. Johnson's subjective complaints. All of the remaining steps of the sequential process are dependent on a proper determination of Mr. Johnson's functional limitations and are, consequently, flawed. Social Security Ruling 96-7p, 1996 WL 374186, at * 3 ("Once the adjudicator has determined the extent to which the individual's symptoms limit the individual's ability to do basic work activities by making a finding on the credibility of the individual's statements, the impact of the symptoms on the individual's ability to function must be considered along with the

9

objective medical and other evidence, first in determining whether the individual's impairment or combination of impairments is "severe" at step 2 of the sequential evaluation process for determining disability and, as necessary, at each subsequent step of the process."). Thus, it is recommended that this case be remanded for additional proceedings.

However, although not necessary to the recommendation reached herein, the undersigned notes the following for the Commissioner's guidance on remand. At step four, the administrative law judge must evaluate the claimant's residual functional capacity (RFC), making specific findings which are supported by substantial evidence. Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). In Diggdon v. Apfel, the Tenth Circuit held that the denial of benefits must be reversed in the absence of specific findings concerning the RFC. Diggdon v. Apfel, No. 98-5207, 1999 WL 617702, at *2 (10th Cir. Aug. 16, 1999).[2] The Court explained:

> The [administrative law judge] must "discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis . . . and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." The [administrative law judge] "must also explain how any material inconsistencies or ambiguities in the case record were considered and resolved." "The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence."

---

[2] Unpublished decision cited solely for its persuasive value in accordance with Tenth Circuit Rule 36.3.

Id. (citing Social Security Ruling 96-8p, 1996 WL 374184, at *3- 4). The Diggdon Court reversed because the administrative law judge had "simply made the conclusory determination at the first phase of step four that claimant could perform light work.... The [administrative law judge] did not specify the evidence he relied upon to support his conclusion, in violation of the agency's regulations and rulings." Id. at *3. Because it appears that the RFC finding in the decision below may suffer from a similar shortcoming, it is recommended that the administrative law judge be cautioned on remand to carefully explain the findings leading to the RFC, should the case proceed to step four.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of Social Security Administration be reversed and the matter be remanded for further administrative proceedings consistent with this Report and Recommendation. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by April 5, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 16th day of March, 2005.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE

11